**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARMEET SINGH KHAMBA, also known as GURJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Respondents. | Case No. 1:25-cv-01227-JLT-FJS (HC)<br><br>ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

On September 17, 2025, and September 19, 2025, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order, respectively. (Docs. 1, 4.) On September 24, 2026, Respondents filed an opposition to the issuance of a preliminary injunction. (Doc. 9.) Petitioner filed a reply on September 29, 2025. (Doc. 11.) On October 17, 2025, the Court converted the TRO into a preliminary injunction, granted the preliminary injunction, ordered Respondents to immediately release Petitioner from custody, and set a briefing schedule for the merits of the habeas petition. (Doc. 16 at 19.)

On March 2, 2026, Petitioner filed a supplemental brief in support of his petition for habeas corpus in which he highlighted two issues not fully addressed in the Court's PI Order. (*See generally,* Doc. 23.) Specifically, Petitioner requests (1) an injunction enjoining Respondents from re-detaining Petitioner without first holding a hearing before a neutral decisionmaker at which the Government bears the burden of establishing flight risk or danger to the community by

clear and convincing evidence based on changed circumstances since Petitioner was previously released and (2) an injunction enjoining Respondents from removing Petitioner to a third country without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings. On April 4, 2026, Respondents filed an opposition and submitted on the substance of their earlier opposition. (Doc. 26.)

## I. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II. DISCUSSION

### A. Re-Detention Hearing Standard

The Court agrees that Respondents' conduct must comport with due process should they re-detain Petitioner. (Doc. 23 at 10-23.) Thus, the Court adopts its reasoning in *Huang v. Albarran*, 818 F. Supp. 3d 1154, 1165 (E.D. Cal. 2026) and finds that "in the event of his re-detention, Petitioner has a right to a pre-deprivation hearing where the government bears the burden of showing that Petitioner's release poses a flight risk or danger to the community." *Huang*, 818 F. Supp. 3d at 1166–67 (internal citations omitted).

### B. Third-Country Removal

Next, Petitioner requests that the Court enjoin Respondents from removing Petitioner to a third country absent compliance with certain procedures. (Doc. 1 at ¶¶ 108-120; Doc. 23 at 30.) The Court previously declined to address this claim in its PI Order, describing Petitioner's fear as "speculative" as he did not allege any specific threats of third country removal. (Doc. 16 at 17-17, fn. 15.) Petitioner similarly fails to allege any specific threats in his supplemental brief. Respondents have not identified any third country for Petitioner's removal, served any notice

of third-country removal, or initiated any screening. On this record, the Court possibility of removal to a third country is merely speculative.[1] *See Alfonso v. Chesnut*, No. 1:26-CV-00113-DC-DMC (HC), 2026 WL 1283363, at *1, fn.1 (E.D. Cal. May 11, 2026) (declining to adopt magistrate judge's findings and recommendation relating to third country removal procedures where "there is no evidence Respondents have identified a third country for Petitioner's removal"); *Morales Sanchez v. Bondi*, No. 5:25-cv-02530-AB-DTB, 2025 WL 3190816, at *4 (C.D. Cal. Oct. 3, 2025) (denying motion for temporary restraining order relating to third country removal procedures where "Petitioner has not identified the specific third country for possible removal, nor demonstrated that Respondents intend to remove him imminently without notice."); *Dao v. Bondi*, No. 2:25-cv-02340-LK, 2026 WL 18626, at *6 n.6 (W.D. Wash. Jan. 2, 2026) (same) (collecting cases).

As to the remainder of Petitioner's habeas claims, pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) and for the reasons set forth in the Court's order granting the preliminary injunction, (Doc. 16), the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.
2. Respondents are **ENJOINED** from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or Respondents demonstrate by clear and convincing at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

///

///

///

///

///

[1] The court's denial of this request is without prejudice, and the court notes that it has previously provided the relief sought by Petitioner to noncitizens facing an imminent threat of third country removal. *See, e.g., A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC, 2025 WL 3485219 (E.D. Cal. Dec. 4, 2025).

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _August 18, 2026_

UNITED STATES DISTRICT JUDGE